IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF NEW YORK

Syracuse Division

Derek Mountz # 75662-067

FCI-Cumberland

PO Box 1000

Cumberland, MD 21501

    Plaintiff

v.

United States Of America

    Defendant

U.S. DISTRICT COURT - N.D. OF N.Y.

**FILED**

OCT 2 5 2024

AT_____ O'CLOCK

John M. Domurad, Clerk - Syracuse

Case No: 9:24-cv-1307

Judge_____

## COMPLAINT

Parties, Jurisdiction, Venue

1) Derek Mountz is a federal prisoner serving a sentence of 105 months imprisonment at the Federal Correctional Institution ("FCI")-Cumberland in Cumberland, Maryland.

2) Defendant United States Of America is the federal government of the United States and the proper defendant for Mountz' Federal Tort Claims Act ("FTCA") claims. Rivera v. United States, 928 F 2d 592 (2ⁿᵈ Cir 1991).

3) This Court has jurisdiction over Mountz' FTCA claims pursuant to 28 USC §1346 and 28 USC §1331.

4) The majority of the acts underlying Mountz' claims for negligence, negligent infliction of emotional distress, gross negligence and medical negligence occurred at FCI-Raybrook in Raybrook, New York, within the Northern District Of New York's Syracuse Division, making venue proper under 28 USC §1402.

Factual Allegations

5) On Saturday, July 31, 2021, Mountz was a federal prisoner serving a sentence of imprisonment at FCI-Raybrook in Raybrook, New York, within the Northern District Of New York.

6) On July 31, 2021, at about 1:20 PM, Mountz tore his meniscus, which is a tendon in his knee, while playing basketball at FCI-Raybrook.

7) After he was injured, Mountz was assisted by two inmates in limping to FCI-Raybrooks' Health Services Department. There, nurse Michael Peck, an employee of the United States, bandaged Mountz' knee, provided Mountz with crutches and ibuprofen, and told Mountz to return on Monday. see attached Bureau Of Prisons ("BOP") Health Services Clinical Encounter ("encounter") of 7/31/2021.

-2-

8) The standard of care for an injury such as Mountz' mandates follow up with an X-ray, to detect fractures, and an MRI, to detect damage to the ligaments.

9) On August 2, 2021, Mountz was seen for followup care by Nurse Jaclyn Latourelle, an employee of the United States. encounter 8/2/21. Because no doctor was available, Latourelle ordered that X-rays be taken and provided Mountz with additional ibuprofen. encounter 8/2/21.

10) The X-ray was conducted August 2, 2021, and found no fracture. see attached "FCI Ray Brook RBK".

11) On August 12, 2021, Mountz was seen by nurse K. Sorrell, an employee of the United States. encounter 8/12/21. Mountz complained of intense pain and Sorrell found "palpable soft tissue deformity of the medial left knee." encounter 8/12/21. Sorrell ordered that an MRI be conducted by 8/30/21. encounter 8/12/21

12) On August 31, 2021, B. Malcolm, the Health Services Administrator for FCI-Ray-brook and an employee of the United States, overrode Sorrell's request and cancelled Sorrell's request for an MRI without notice to Mountz. encounter "Administrative Note" 8/31/21. This fell below the accepted standard of care for Mountz' injury.

13) On September 21, 2021, Mowitz returned to FCI-Ray brook's Health Services Department for help with his pain while, he thought, he was awaiting an MRI. He was seen by physician's assistant Donald Cavanaugh, an employee of the United States with no medical training in the diagnosis or treatment of injuries. encounter 9/21/21. Despite his lack of medical training, Cavanaugh incorrectly diagnosed Mowitz as having "[n]o ligamentous laxity or crepitation palpated in affected knee" and incorrectly recommended that Mowitz exercise his torn tendon. encounter 9/21/21. This fell below the accepted standard of medical care for Mowitz' injury.

14) Mowitz was not seen again or treated until December 6, 2021. encounter 12/6/21. On December 6, 2021, Mowitz was seen by Dr. Mark Zimmerman, DO, who found a "deep palpatation inner aspect of the knee" and "anterior and posterior laxity." encounter 12/6/21. Dr. Zimmerman, an employee of the United States, again requested an MRI, but this was again denied two days later without notice to Mowitz. encounter 4/5/23. This was, again, below the standard of care.

15) Mowitz was transferred out of FCI-Ray brook on February 14, 2023. He arrived at FCI-Cumberland in March 2023. From December 6, 2021, to February 14, 2023, despite numerous emails and administrative requests for treatment, Mowitz received no further care. Instead, Mowitz was left in pain and using crutches to walk. This absence of treatment fell below the standard of care.

16) As a result of the lack of appropriate treatment at FCI-Raybrook and the failure to correctly diagnose his torn meniscus, Mountz suffered emotional distress that is severe, lasting and grave.

17) Upon arrival at FCI-Cumberland, Mountz immediately complained of his injury. He was seen April 5, 2023, by nurse K. Runzo, an employee of the United States encounter 4/5/23. Runzo then ordered an MRI to be conducted by June 26, 2023 encounter 4/5/23.

18) On April 27, 2023, Runzo ordered another X-Ray for Mountz. encounter 4/21/23. The X-ray determined that Mountz had developed osteoarthritis in his left knee from continuing to use his knee while the torn meniscus was untreated, the advice Cavanaugh had given him. "FCI Cumberland CUM"

19) On May 10, 2023, Mountz was again denied an MRI. encounter 5/10/23. This denial of an MRI fell below the standard of care.

20) On June 12, 2023, Runzo placed yet another order for an MRI. encounter 6/12/23

21) On August 24, 2023, Mountz received an MRI. report of Dr. Charles Muchnok of 8/24/23 ("Muchnok report"). The report revealed that Mountz had torn the anterior and posterior horns of his interval medial miniscus, Muchnok report

22) On April 10, 2024, Mountz had surgery to repair his meniscus.

23) As a result of the United States' failure to diagnose and treat Mountz' torn meniscus in a manner that was non-negligent and that adheres to the prevailing standard of care, Mountz has suffered permanent disability, including limited range of movement in his left knee, sporadic pain in the same and osteo arthritis. Until he received the surgery of April 10, 2024, Mountz was unable to walk without crutches, experienced pain and suffering and emotional distress that is severe, lasting and grave.

24) On about March 12, 2024, Mountz mailed a signed copy of the attached Form 95 to the BOP's Northeast Regional Office. Mountz received the attached letter of April 15, 2024, stating that his Form 95 was received March 20, 2023, assigning it claim number TRT-NER-2024-04344. Mountz has received no disposition of his claim after six months.

COUNT I: NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL
        DISTRESS

25) The allegations of para 1-24, supra, are hereby incorporated by
reference.

26) The United States owed Mountz a duty of care, as Mountz was a
federal prisoner in the custody of the United States.

27) The United States breached its duty of care by refusing multiple
requests from its medical providers to perform an MRI on Mountz
and otherwise failing to provide Mountz with diagnosis and treatment
of his torn meniscus from 7/31/21 to 2/14/23 at FCI-Raybrook.

28) As a result of the negligence of the United States, Mountz suffered:
a) pain and suffering;
b) loss of normal life, both the inability to stand or walk without
crutches, and    the permanent limited range of movement of his
left knee;
c) osteo arthritis;
d) emotional distress that is severe, lasting and grave.

29) Mountz seeks $100,000.00 (one hundred thousand dollars and no cents) in
nominal and compensatory damages for the acts of para 26-29, supra.

COUNT II: GROSS NEGLIGENCE

30) The allegations of para 1-24, supra, are hereby incorporated by reference.

31) The United States owed Mountz a duty of care, as Mountz was a federal prisoner in the custody of the United States,

32) The United States breached its duty of care with reckless disregard for any injury to Mountz by refusing multiple requests from its medical providers to perform an MRI on Mountz and otherwise failing to provide Mountz with diagnosis and treatment of his torn meniscus from 7/31/21 to 2/14/23 at FCI-Raybrook.

33) As a result of the gross negligence of the United States, Mountz suffered:

a) pain and suffering;

b) loss of normal life, both the inability to stand or walk without crutches, and the permanent limited range of movement of his left knee;

c) osteoarthritis;

d) emotional distress that is severe, lasting and grave.

34) Mountz seeks $100,000.00 (one hundred thousand dollars and no cents) in nominal and compensatory damages for the acts of para 30-33, supra.

COUNT III: MEDICAL MALPRACTICE

35) The allegations of para 1-24, supra, are hereby incorporated by reference.

36) The United States owed Mountz a duty of care, as Mountz was a federal prisoner in the custody of the United States.

37) The United States was negligent in its practice of medicine, and breached its duty of care by refusing multiple requests from its medical providers to perform an MRI on Mountz and otherwise failing to provide Mountz with diagnosis and treatment for his torn meniscus at the prevailing standard of medical care from 7/31/21 to 2/14/23 at FCI-Raybrook.

38) As a result of the medical negligence and malpractice of the United States, Mountz suffered:

   a) pain and suffering;

   b) loss of normal life, both the inability to stand or walk without crutches, and the permanent limited range of movement of his left knee;

   c) osteoarthritis;

   d) emotional distress that is severe, lasting and grave.

39) Mountz seeks $100,000.00 (one hundred thousand dollars and no cents) in nominal and compensatory damages for the acts of para 35-38, supra.

-9-

Respectfully Submitted,

_____ 75662-067

Derek Mantz #75662-067

FCI-Cumberland

PO Box 1000

Cumberland, MD 21501


CERTIFICATE OF MAILING

I hereby certify that this Complaint was mailed to the Clerk of the Court, 1ST Class Postage Prepaid, this __21__TH day of October, 2024.


_____ 75662-067

Derek Mantz